UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RYAN ROGAN,

      Plaintiff,                            Case No. 19-cv-12975
                                                    Hon. Matthew F. Leitman

v.

TIMOTHY TOMLINSON AND
CITY OF ROSEVILLE,

      Defendants.

_____/

## ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS (ECF NO. 43) TO REPORT AND RECOMMENDATION (ECF NO. 42) AND (2) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND FOR SUMMARY JUDGMENT (ECF No. 36)

In this action, *pro se* Plaintiff Ryan Rogan brings claims under federal and state law against the City of Roseville (the "City") and its City Attorney, Timothy Tomlinson (collectively, "Defendants"). (*See* Sec. Am. Compl., ECF No. 34.) Rogan's claims arise out of his contention that the Defendants wrongfully failed to return his driver's license after it was seized in connection with his arrest on August 9, 2015. (*See id.*)   Rogan brings federal claims under 42 U.S.C. § 1983 for the alleged violation of his Eighth Amendment right to be free from cruel and unusual punishment, the alleged violation of his Fourteenth Amendment right to due process of law, and conspiracy. (*See id.*)  Rogan also brings a federal claim under 18 U.S.C. § 242 for the alleged deprivation of his rights. (*See id.*)  Finally, Rogan brings state-

1

law claims for breach of fiduciary duty, fraud in the inducement, and gross negligence.  (*See id.*)

On June 22, 2020, Defendants filed a motion to dismiss and for summary judgment. (*See* Mot., ECF No. 36.)  The assigned Magistrate Judge then issued a report and recommendation in which he recommended that the Court (1) deny Defendants' motion without prejudice as to Rogan's Section 1983 claim for violation of his right to due process of law and (2) grant Defendants' motion with respect to the reminder of Rogan's federal claims (the "R&R").  (*See* R&R, ECF No. 42.)  In addition, the Magistrate Judge recommended that the Court decline to exercise supplemental jurisdiction over Rogan's state-law claims. (*See id.*)

Rogan has now filed objections to the R&R. (*See* Obj., ECF No. 43.)  In his objections, Rogan contends that the Court should not grant Defendants' motion with respect to any of his claims.  He also requests that the Court grant him leave to file an amended complaint. (*See id.*, PageID.401.)

For the reasons explained below, Rogan's objections are **OVERRULED.**

## I

When a party objects to a portion of a Magistrate Judge's R&R, the Court reviews that portion *de novo*. *See* Fed. R. Civ. P. 72(b)(3); *see also Lyons v. Comm'r of Soc. Sec.*, 351 F.Supp.2d 659, 661 (E.D. Mich. 2004). The Court has no duty to conduct an independent review of the portions of the R&R to which a party has not

objected. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985). In addition, the failure to file objections to an R&R waives any further right to appeal. *See Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

## II

### A

The Court will address Rogan's objections on a claim-by-claim basis. It begins with Rogan's claim under Section 1983 that the Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment when they failed to return his driver's license. (*See* Sec. Am. Compl., ECF No. 34, PageID.184.) The Magistrate Judge recommended that the Court dismiss this claim for the following reasons:

> Punishments that violate the Eighth Amendment are "incompatible with the evolving standards of decency that mark the progress of a maturing society" or that "involve the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976) (internal citations and quotations omitted). Rogan fails to plead facts that could plausibly meet this standard. At most, he has alleged that the failure to timely release the hold on his license resulted in various vague inconveniences to him. (ECF No. 39, PageID.289-90) ("Rogan was unable to live his life in a manner one sees fit . . . by not being able to enjoy the opportunities to lead one's life without the intervention of others. . .") As a matter of law, such inconveniences do not rise to the level of "unnecessary and wanton infliction of pain." Therefore this claim should be dismissed.

3

(R&R, ECF No. 36, PageID.382.)

Rogan objects that the failure to return his license did meet the high standard for an Eighth Amendment violation.  But he has not cited any case in which any court has found that the failure to timely return a driver's license (or any similar alleged governmental misconduct) rises to the level of an Eighth Amendment violation.  Moreover, Rogan has not cited any authority to support the proposition that the failure to return a license under the circumstances that he alleges here could be deemed "punishment" for purposes of the Eighth Amendment.  Rogan has therefore failed to persuade the Court that he has stated a viable Eighth Amendment claim.

Moreover, even if Rogan had sufficiently alleged the substance of an Eighth Amendment claim (and he has not done so), the claim would still fail as against the City.  As a municipality, the City may not be held vicariously liable for the actions of its employees under Section 1983. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011).  Instead, a municipality is liable under that statute only when its official policy or custom directly causes a plaintiff's injury. *See id.* at 61. Thus, "a plaintiff seeking to impose liability on a municipality under § 1983 [must] identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." *Board of Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)).  A plaintiff satisfies this burden by pleading

4

sufficient facts to show that he was harmed by one of the following: (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations. *See Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013).

Rogan seems to argue in his objections that the City failed to adequately train its staff concerning their obligations to return driver's licenses under circumstances like those presented here. (See Obj., ECF No. 43, PageID.397-398.) A failure-to-train claim "requires a showing of 'prior instances of unconstitutional conduct demonstrating that the [municipality] ha[d] ignored a history of abuse and was clearly on notice that the training in this particular area was deficient and likely to cause injury.'" *Burgess*, 735 F.3d at 478 (quoting *Miller v. Sanilac Cnty.*, 606 F.3d 240, 255 (6th Cir. 2010)). But here, Rogan has not pleaded any facts in his Complaint that could show that the City was "on notice" that its training "in this particular area was deficient." *Id.* Thus, Rogan's Eighth Amendment claim against the City fails for this additional reason.[1]

---

[1] In the Defendants' motion, Defendants argued that all of Rogan's claims against the City failed as a matter of law because Rogan had failed to plead the essential the elements of municipal liability under Section 1983. (*See* Mot., ECF 36, PageID.225.) In the R&R, the Magistrate Judge focused on the lack of the sufficient municipal liability allegations in the context of his analysis of Rogan's Fourteenth Amendment

Finally, Rogan attempts to raise a new Eighth Amendment claim in his objections. He contends that the failure to timely return his license amounted to an excessive fine in violation of the Eighth Amendment. (*See* Obj., ECF No. 43, PageID.395.) But a party may neither assert a new claim nor assert a new argument in objections to a report and recommendation. *See Murr v. United States,* 200 F.3d 895, 902 n.1 (6th Cir. 2000) (explaining that "[c]ourts have held that while the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate"). The Court therefore will not consider Rogan's excessive-fine argument.

For all of these reasons, the Court **OVERRULES** Rogan's objection to the Magistrate Judge's recommendation that the Court dismiss his Eighth Amendment claim. That claim is **DISMISSED**.

## B

The Court next turns to Rogan's claim under Section 1983 that Defendants conspired to deprive him of his civil rights. In support of this claim, Rogan alleges that Defendants "continued to place [him] in a continuous circle to have his driver's

---

due process claim against the City. (*See* R&R, ECF No. 42, PageID.384.) The Magistrate Judge's municipal liability analysis is equally-applicable to Rogan's Eighth Amendment claim against the City.

license released, while they knowingly knew the process to release a driver's license." (Sec. Am. Compl., ECF No. 34, PageID.184.)   The Magistrate Judge recommended that the Court dismiss this claim because Rogan failed to plead facts to suggest the existence of a plan or agreement by Defendants to deprive him of his constitutional rights. (*See* R&R, ECF No. 42, PageID.383.)

In his objections, Rogan does not identify any specific factual allegations from his Second Amended Complaint that, if proven, would support a finding that Defendants acted according to a plan or agreement to violate his constitutional rights.  Rogan has therefore not shown how he has pleaded a viable conspiracy claim against the Defendants

In his objections, Rogan also raises a new argument related to a preliminary breath test, and he attaches a transcript related to that argument that was not previously part of the record. (*See* Obj., ECF No. 43, PageID.397.)   As explained above, parties are generally not permitted to raise new arguments and present new evidence in objections to a report and recommendation. *See Murr*, supra.  Therefore, the Court will not consider Rogan's new argument and new evidence that were offered for the first time in his objections.

For all of these reasons, the Court **OVERRULES** Rogan's objection to the Magistrate Judge's recommendation that the Court dismiss his conspiracy claim. That claim is **DISMISSED**.

**C**

The Court next addresses Rogan's claim under 18 U.S.C. § 242 that Defendants deprived him of his rights under color of law.  (*See* Sec. Am. Comp., ECF No. 34, PageID.183-184.)  The Magistrate Judge recommended that the Court dismiss this claim because there is no private right of action under 18 U.S.C. § 242. (*See* R&R, ECF No. 42, PageID.386.)  Rogan objects to that recommendation, but he has not cited any authority recognizing a private right of action under this statute. (*See* Obj., ECF No. 43, PageID.400.)  For that reason, the Court **OVERRULES** Rogan's objection to the recommendation that the Court dismiss his claim under 18 U.S.C. § 242.  That claim is **DISMISSED**.

**D**

The Court now turns to Rogan's state-law claims for fraud in the inducement, breach of fiduciary duty, and gross negligence. (*See* Sec. Am. Comp., ECF No. 34.) The Magistrate Judge recommended that the Court exercise its discretion to decline to exercise supplemental jurisdiction over those claims in order to promote judicial efficiency. (*See* R&R, ECF No. 42, PageID.386.)  The Magistrate Judge explained that while there is some overlap between the factual predicate for the federal and state claims, the differences between the nature of the claims warranted dismissing the state claims without prejudice so that Rogan could pursue those claims in state court. (*See* *id*.)  Rogan objects to that recommendation, but he makes no

particularized showing that the Court's exercise of jurisdiction over his state-law claims would further judicial efficiency.  Nor has he shown prejudice from the Court's failure to exercise jurisdiction over those claims.  Moreover, the Court shares the Magistrate Judge's view that the differences between the state and federal claims warrant dismissing the state claims without prejudice.  For instance, the state-law fraud and breach of fiduciary duty claims present factual and legal issues – for instance, whether the Defendants made a false statement, whether any alleged false statement is actionable in a fraud claim, whether Rogan reasonably relied on allegedly-false statements, and whether the Defendants had a fiduciary duty to Rogan – that are not involved in his federal claims.  Given these differences, the state-law claims are properly dismissed and should be heard in state court.  Finally, the Court properly declines to exercise supplemental jurisdiction over the state-law claims because they predominate over the federal claims.  A review of Rogan's Second Amended Complaint reveals that his fundamental allegation is that Tomlinson and the City promised to return his license and then reneged on that promise.  Simply put, the core of this case is a state-law breach of contract theory.[2]

---

[2] Although Rogan does not label his state-law claims as ones for breach of contract, his factual allegations make clear that, at bottom, his action rests upon an alleged breach of a purported promise to return his license. (*See* Sec. Am. Compl. at ¶¶ 3-10, ECF No. 34, PageID.181-182.)  And the labels that Rogan uses to describe his claims are not dispositive or binding on the Court. *See*, *e.g.*, *Young v. District and Supreme Courts of Michigan*, 2011 WL 3648484, at *1 (E.D. Mich. Aug. 18, 2011) ("The Court is not bound by the label affixed to a complaint by a plaintiff").

This additional reason weighs in favor of declining to exercise supplemental jurisdiction over Rogan's state-law claims. *See*, *e.g.*, 28 U.S.C. § 1367(c)(2) (providing that a district court "may decline to exercise supplemental jurisdiction over a [state-law] claim" where "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction"); *Hindelang v. City of Grosse Pointe*, 2020 WL 5411338, at ** 1-2 (E.D. Mich. Sept. 9, 2020) (declining to exercise supplemental jurisdiction over state-law claims where claims "substantially predominated" over federal claims).

For all of these reasons, the Court **OVERRULES** Rogan's objection to the Magistrate Judge's recommendation that the Court decline to exercise supplemental jurisdiction over his state-law claims. Those claims are **DISMISSED WITHOUT PREJUDICE.**

E

Finally, in Rogan's objections, he asks the Court to grant him leave to file a Third Amended Complaint. (*See* Obj., ECF No. 43, PageID.401.) He seeks to amend in order to "address [among other things] some of the concerns brought up by the Magistrate Judge." (*Id*.) But Rogan may not seek leave to amend in an objection to a report and recommendation. If Rogan wishes to amend his pleadings again, he may file a motion for leave to amend before the Magistrate Judge. Any such motion must comply with the Court's Local Rules. *See* Local Rule 15.1. The

10

Court expresses no opinion as to whether Rogan should be granted leave to amend his pleadings for a third time.  The Court concludes only that he may not seek leave to do so through his objections to the R&R.

For that reason, the Court **DENIES** Rogan's request for leave to amend his complaint.

## III

Defendants have not objected to the Magistrate Judge's recommendation that the Court deny their motion with respect to Rogan's Section 1983 due process claim. The Court will therefore adopt the Magistrate Judge's recommended disposition of that claim.

## IV

For all the reasons explained above, Rogan's objections are **OVERRULED**. Defendants' motion to dismiss and for summary judgment (ECF No. 36) is **GRANTED IN PART AND DENIED IN PART AS FOLLOWS**:

- All of Rogan's federal claims in his Second Amended Complaint other than his Section 1983 due process claim are **DISMISSED WITH PREJUDICE**.

- All of Rogan's state-law claims in his Second Amended Complaint are **DISMISSED WITHOUT PREJUDICE**.

- Finally, Rogan's request for leave to amend his complaint is **DENIED**, but

  Rogan may submit that request to the Magistrate Judge.

  **IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  March 23, 2021


I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 23, 2021, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764

12